**EXHIBIT A**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JUANITA MORRIS,                                          Case No: 24          NI

      Plaintiff,                                    Hon.

vs.

MOHAMED ABDIRAHMAN,
and ENDING EXPRESS, LLC,

      Defendants.
_____/

**Marc J. Mendelson P-52798**
**James J. DeMates P-78878**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 350-9050; Fax (248) 671-5249
james.demates@855mikewins.com;
traci.hoppa@855mikewins.com
_____/

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint. MCR 1.109(D)(2)(a)(i).

*/s/James J. DeMates*
_____
Marc J. Mendelson P-52798
James J. DeMates P-78878

      NOW COMES Plaintiff, Juanita Morris, by and through her attorneys, Mike Morse Law Firm, and for her Complaint against the above named Defendants, Mohamed Abdirahman and Ending Express, LLC, states as follows:

24-014579-NI FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   10/4/2024 9:52 AM   Carla Keefe

**COMMON ALLEGATIONS**

1.      Plaintiff, Juanita Morris, is a resident of Staten Island, County of Richmond, State of New York.

2.      Defendant, Mohamed Abdirahman, upon information and belief, is a resident of the City of Burlington, County of Boone, State of Kentucky.

3.      Defendant, Ending Express, LLC, is an Ohio limited liability company, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Wayne, State of Michigan.

4.      The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

**COUNT I**
**NEGLIGENCE CLAIM AS TO DEFENDANT,**
**MOHAMED ABDIRAHMAN**

5.      Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs l through 4 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

6.      On or about March 23, 2024, Plaintiff, Juanita Morris, was a passenger in a 2023 Ford F-150 motor vehicle, which motor vehicle was being driven in a careful and prudent manner on westbound Pennsylvania Road, at or near its intersection with Wahrman Road, in the City of Romulus, County of Wayne, State of Michigan.

7.      At the aforementioned place and time, Defendant, Mohamed Abdirahman, was the operator of a 2019 Freightliner motor vehicle, bearing Ohio license plate number PWZ0190, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner on southbound Wahrman Road, at or near its intersection with Pennsylvania Road, in the City of Romulus, County

2

of Wayne, State of Michigan, when said Defendant failed to yield to Plaintiff's vehicle and did

violently strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff, Juanita Morris,

as hereinafter alleged.

8.      On the aforementioned day and date, Defendant, Mohamed Abdirahman, owed a duty

to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the

State of Michigan and the Common Law and the Ordinances for the City of Romulus.

9.      Contrary to the duties owed to Plaintiff, Defendant, Mohamed Abdirahman, was

negligent, careless and reckless in several respects, including the following:

    (a)    Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

    (b)    Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

    (c)    Failing to keep the motor vehicle constantly under control;

    (d)    Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

    (e)    Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

    (f)    Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's oncoming vehicle would endanger the life or property of other persons using the roadway;

    (g)    Failing to yield to all approaching vehicles, MCL 257.649;

    (h)    Failing to exercise reasonable and ordinary care to keep a sharp lookout so as to avoid striking Plaintiff's vehicle;

    (i)    Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

3

(j)     Failing to make timely use of the braking system with which said vehicle is equipped;

(k)     Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l)     Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m)     Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627;

(n)     Failing to stop for a stop sign in violation of MCL 257.671, MCL 257.649;

(o)     Failing to obey a traffic control device in violation of MCL 257.611; and,

(p)     Performing other acts of negligence not yet known to Plaintiff but will be ascertained during the discovery of said litigation.

10.    That as a result of said collision, Plaintiff, Juanita Morris, did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of her natural enjoyments of life, due to her injuries which include but are not limited to: ***traumatic injuries to her right collarbone including a scapular fracture, injuries to her head including dental trauma and nasal trauma, and traumatic injuries to her neck, back, hips, legs, right ankle and right foot,*** among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement. Plaintiff suffered a serious impairment of body function. Plaintiff's impairment is objectively manifested; is an impairment of an important body function; and it affects Plaintiff's general ability to lead her normal life.

11.    That in the event it should be determined that Plaintiff was suffering from any

4

pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

12.     Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Juanita Morris, respectfully requests that judgment be entered in her favor against Defendant, Mohamed Abdirahman, for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II
## NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, ENDING EXPRESS, LLC

13.     Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 12 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

14.     On the aforementioned date and time, Defendant, Ending Express, LLC, was the owner of the 2019 Freightliner motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, Mohamed Abdirahman, when Defendant, Ending Express, LLC, knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance

5

with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Romulus, in direct disregard for the safety of Plaintiff, Juanita Morris.

15.   Defendant, Mohamed Abdirahman, was acting with the expressed and/or implied consent of Defendant, Ending Express, LLC.

16.   Defendant, Ending Express, LLC, is liable under the Owner's Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, Mohamed Abdirahman.

17.   On March 23, 2024, upon information and belief, Defendant, Mohamed Abdirahman, was acting within the course and scope of his employment with Defendant, Ending Express, LLC, when he negligently struck Plaintiff's vehicle while driving the 2019 Freightliner motor vehicle.

18.   Based upon information and belief, Defendant, Ending Express, LLC, is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, Mohamed Abdirahman, in that it employed the negligent driver, Defendant, Mohamed Abdirahman, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

19.   Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Juanita Morris, respectfully requests that judgment be entered in her favor against Defendant, Ending Express, LLC, and Defendant, Mohamed Abdirahman, for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs

and reasonable attorney fees so wrongfully sustained.

**COUNT III**
**NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT,**
**ENDING EXPRESS, LLC**

20.     Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 19 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

21.     On March 23, 2024, Defendant, Mohamed Abdirahman, was employed by Defendant, Ending Express, LLC.

22.     Defendant, Ending Express, LLC, is responsible for those negligent acts performed within the scope of Defendant, Mohamed Abdirahman's, employment.

23.     Defendant, Ending Express, LLC, hired Defendant, Mohamed Abdirahman.

24.     Defendant, Ending Express, LLC, had a duty to investigate Defendant, Mohamed Abdirahman, Defendant Mohamed Abdirahman's driving record and Defendant Mohamed Abdirahman's driving ability.

25.     Defendant, Ending Express, LLC, failed to properly investigate Defendant, Mohamed Abdirahman, Defendant Mohamed Abdirahman's driving record and Defendant Mohamed Abdirahman's driving ability and made insufficient efforts to investigate whether or not Defendant, Mohamed Abdirahman, was a safe, fit and competent driver.

26.     Defendant, Ending Express, LLC, knew, had reason to know or should have known, that Defendant, Mohamed Abdirahman, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

27.     Defendant, Ending Express, LLC, knew or had reason to know or should have known

7

that by hiring Defendant, Mohamed Abdirahman, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, Ending Express, LLC and/or Defendant, Mohamed Abdirahman, caused Plaintiff's injuries.

28.     Defendant, Ending Express, LLC, failed to supervise or otherwise monitor, train, educate or discipline Defendant, Mohamed Abdirahman, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

29.     The negligence of Defendant, Ending Express, LLC, in hiring and/or retaining and/or supervising Defendant, Mohamed Abdirahman, was a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, Juanita Morris, respectfully requests that judgment be entered in her favor against Defendant, Ending Express, LLC, and Defendant, Mohamed Abdirahman, for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

*/s/ James J. DeMates*

_____
Marc J. Mendelson P-52798
James J. DeMates P-78878
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated:   October 4, 2024

8