UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUANITA MORRIS and KEVIN MORRIS, | Case No. 24-13044 |
| Plaintiffs, | F. Kay Behm |
| v. | United States District Judge |
| MOHAMED ABDIRAHMAN and ENDING EXPRESS, LLC, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**ORDER REGARDING MOTION FOR ORDER TO
SHOW CAUSE (ECF No. 21)**

On November 18, 2024, Defendants Mohamed Abdirahman and Ending Express, LLC removed Plaintiff Juanita Morris's lawsuit from state court to this Court. (ECF No. 1). The District Judge referred all discovery matters to the undersigned on January 15, 2025. (ECF No. 9). On January 24, 2025, Plaintiff Juanita Morris filed an Amended Complaint adding Kevin Morris as a co-plaintiff. (ECF No. 11). Presently before the Court is Defendants' motion to show cause against multiple providers for failure to respond to subpoena requests for records. (ECF No. 21). Considering the defects in Defendants' motion regarding service of the subpoenas, the Court sees no reason to wait for full briefing. The motion is **DENIED WITHOUT PREJUDICE**.

Plaintiffs Juanita Morris and Kevin Morris's lawsuit is predicated on a car accident that allegedly occurred on March 23, 2024. (ECF No. 11, PageID.67-68, ¶¶ 7-8). To evaluate Plaintiffs' claims, Defendants served numerous subpoenas for records on numerous entities, namely Corewell Health Trenton Hospital – Radiology; Department of Health & Human Services – Medicare/Medicaid – Region 5; Huron Valley Ambulance; Mendelson Orthopedics & Kornblum Spine; Nuvia Dental Implant Center; Optum Services, Inc.; Social Security Administration; White Plain Hospital Physician Associates; J&M Towing; and Cincinnati Insurance Company. (ECF No. 21, PageID.145). Defendants contend that they served the subpoenas in accordance with Federal Rule of Civil Procedure 45. (*Id.*). The subpoenaed records were due at various times between March 31, 2025 and May 26, 2025. (*Id.*). Because the subpoenaed entities have not provided the requested records, Defendants moved for an order from the Court requiring representatives from each subpoenaed entity to appear and show cause why they should not be held in contempt for failing to comply with the subpoenas. (*Id.* at PageID.146-47). Defendants also moved the Court to order the subpoenaed entities to produce the subpoenaed records. (*Id.*).

The Court disagrees with Defendants' assertion that they properly served their subpoenas. Rule 45(b)(1) requires the party serving the subpoena to deliver a copy to the person—or here, the entity—named therein. This Court has held that

Rule 45 requires personal service. *Jones v. St. Clair Cnty.*, No. 24-cv-11965, 2025 WL 1242864, at *1 (E.D. Mich. Apr. 29, 2025); *Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753-54 (E.D. Mich. 2011).  That said, "[m]ost judges in this district that have considered the issue agree that Rule 45 allows service of a subpoena by alternative means." *Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 18-13454, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020) (collecting cases).  Alternative means of service under Rule 45 are permissible "once the party seeking evidence demonstrates an inability to effectuate [personal] service after a diligent effort." *Oceanfirst Bank*, 794 F. Supp. 2d at 754.  "The alternate means [of service] must be reasonably calculated to achieve actual delivery." *Id.*

Defendants included documents with their motion bearing the UPS tracking number used to track the packages containing the subpoenas.  (ECF Nos. 21-3, 21-4).  Defendants therefore served their subpoenas via mail.  But they did not file anything with the Court seeking permission to use alternative means of service because they could not "effectuate [personal] service after a diligent effort."  As Defendants did not first attempt personal service, they did not properly adhere to the requirements for service of process under Rule 45.

Nevertheless, the Court will provide Defendants an opportunity to show that they attempted personal service and that such attempts were unsuccessful.

Defendants are **ORDERED** to respond to this Order in writing **on or before August 13, 2025** with documentation evincing their attempts to personally serve the subpoenaed entities. If Defendants did indeed do so, then the Court will permit them to refile their motion to show cause. Otherwise, Defendants must first attempt personal service in accordance with Rule 45.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 6, 2025         s/Curtis Ivy, Jr.
                             Curtis Ivy, Jr.
                             United States Magistrate Judge