UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUANITA MORRIS
and KEVIN MORRIS,

Plaintiffs,

v.

MOHAMED ABDIRAHMAN,
ENDING EXPRESS, LLC
and AMAZON LOGISTICS, INC.,

Defendants.

Case No: 2:24-cv-13044-FKB-CI

Honorable F. Kay Behm
Mag. Judge Curtis Ivy, Jr.

---

Marc J. Mendelson P-52798
Edward F. Kardelis P-77376
MIKE MORSE LAW FIRM
*Attorneys for Plaintiff*
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050; Fax: (248) 671-5249
Edward.Kardelis@855mikewins.com
Bobbie.Haidy@855mikewins.com

CLARK HILL PLC
Anthony Agosta (P57355)
K.J. Edward Fornell (P76327)
*Attorneys for Defendant Amazon*
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300 Phone
aagosta@clarkhill.com
kfornell@clarkhill.com

Tara S. Cannatella P-67532
HUTCHINSON CANNATELLA,P.C.
*Attorney for Defendants Abdirahman & Ending Express*
1001 Woodward Ave., Suite 900
Detroit, MI 48226
(313) 963-1860/Fax: 963-9065
tcannatella@mhutchlaw.com

---

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties to this action ("Litigation") have been or may be requested in the course of discovery to produce or disclose testimony, documents, or other information ("Discovery Material") that they consider private, confidential, or proprietary; and

WHEREAS, the Parties have agreed, through their undersigned attorneys, to the following procedures and rules governing the use of such Discovery Material:

**1. Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, or technical, commercial, financial or other sensitive information) may be produced by that party (the producing party) with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

**2. Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

a. The named parties in this case (and any of their corporate representatives and/or employees), their attorneys, and their support staff (e.g., legal assistants, paralegals, copying and document management personnel).

b. Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order, and who are approved by the producing party pursuant to paragraph 5 below.

c. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

d. This Court and its staff members.

e. Insurance adjusters assigned to the above-captioned case.

**3. Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential research and development, technical, commercial, financial, or other sensitive information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

**4. Non-Disclosure of Highly Confidential Information** – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

a. Outside attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel) who are not involved in patent prosecution for the receiving party in the same technology area.

b. Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order.

c. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

d. This Court and its staff members.

e. Insurance adjusters assigned to the above-captioned case.

**5. Deposition Testimony** – Any portions of requested testimony, a transcript, and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it will reveal Confidential Information or Highly Confidential Information such as a trade secret or other confidential research and development, technical, commercial, financial, or other sensitive information.

**6. Filing Under Seal** – (A): This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that: (a) identifies and describes each item proposed for sealing; (b) sets forth the reason that sealing each item is

necessary; (c) explains why there is no less restrictive means to adequately and effectively protect the specific interest; and (d) includes a memorandum of legal authority supporting the seal. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed shall be electronically filed.

(B) Notice to Designating Party: If a party other than the Designating Party anticipates filing any material that has been designated as Confidential Information or Highly Confidential Information, that party must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information or Highly Confidential Information under seal, in good faith attempt to reach an agreement regarding whether the Confidential Information or Highly Confidential Information should be filed under seal. If an agreement is reached, then parties may file a joint motion for leave to file under seal, in conformance with paragraph A. If an agreement is not reached, then the Designating Party may file a motion in

compliance with paragraph A. If the motion is denied, the party may file the material, but not under seal.

**7. Challenging "Confidential" or "Highly Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential, may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

**8. Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things that the Court determines are not confidential. Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

**9. Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular material shall cease to be

"inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

**SO ORDERED.**

Date: September 24, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge

**I hereby Stipulate to Entry of this Order**:

MIKE MORSE LAW FIRM

*/s/ (w/consent) Edward F. Kardelis*
Edward F. Kardelis P-77376
*Attorneys for Plaintiff*

CLARK HILL PLC

*/s/ Karl J. Edward Fornell*
K.J. Edward Fornell (P76327)
*Attorneys for Defendant Amazon Logistics Inc.*

| | |
|---|---|
| HUTCHINSON CANNATELLA, P.C.<br>*/s/ (w/consent) Tara S. Cannatella*<br>Tara S. Cannatella P-67532<br>*Attorney for Defendants Abdirahman & Ending Express* | |